**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL FRUND,  Individually, and on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff, | **CIVIL ACTION** |
| -v- | **CLASS COMPLAINT** **AND** **DEMAND FOR JURY TRIAL** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN DOES 1-25, | |
| Defendant. | |

Plaintiff, MICHAEL FRUND (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through his attorneys, Marcus Law, LLC, against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a New Jersey class seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

**PARTIES**

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency that focuses on debt collection with its principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New Jersey consumers who received a collection letter from the Defendant attempting to collect an obligation owed to or allegedly owed to HSBC Bank Nevada N.A., that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if

so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to March 18, 2015, an obligation was allegedly incurred to the original creditor HSBC Bank Nevada N.A. ("HSBC")

15. The HSBC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged HSBC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. HSBC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the HSBC debt is past due.

19. Some point prior to March 18, 2015, the HSBC debt was sold, consigned, or otherwise transferred to the Defendant for collections.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

21. Sometime prior to the March 18, 2015, Plaintiff became aware that Defendant was attempting to collect an alleged HSBC debt from the Plaintiff.

22. Sometime prior to March 18, 2015, the Plaintiff notified the Defendant in writing that he did not believe he owed this debt and requested verification.

23. On or about March 18, 2015, the Defendant caused to be delivered to the Plaintiff a letter in an attempt to collect the alleged debt and in response to said dispute. *See* **Exhibit A.**

24. The March 18, 2105 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

25. The March 18, 2015 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

26. Said letter stated in part:

> "If you wish to dispute this account, please send written documentation describing the nature of your dispute and any information or materials that may be helpful to our investigation so this dispute may be investigated in a timely manner."

> "If you wish to provide additional information regarding this account, please send written documentation. Please note that if we receive no information or documentation describing the details of your dispute by April 7, 2015, we may then terminate the investigation related to this account due to lack of clarification of the nature of the dispute."

27. As part of the Defendant's March 18, 2015 letter, there was attached a document stated:

> **"PORTFOLIO RECOVERY ASSOCIATES, LLC INSTRUCTIONS FOR FILING A DISPUTE RELATED TO IDENTITY THEFT/FRAUD.**

> To dispute an account due to issues related to fraud/identity theft, our company generally requires all customers to submit documentation for review as part of our company's investigation."

See **Exhibit B.**

28. Said letter further requires the Plaintiff to provide an official copy of an Identity Theft Report OR make a written statement including a letter from credit reporting agency, creditor or other agency referencing a prior identity theft investigation related to this account, CA Office of Privacy Protection Information Sheet, a Customer's Statement signed certified notarized statement, along with other supporting documentation.

29. Also attached to the Defendant's March 18, 2015 letter was a document stated **"Portfolio Recovery Associates, LLC Identity Theft Affidavit."** See **Exhibit C.**

30. Said document contained twenty six items for the Plaintiff to answer along with a signature section that needs to be notarized with the following language:

> "I understand that knowingly making any false or fraudulent statements or representations may constitute a violation of federal, state, or local criminal statutes, and may result in the imposition of fine, imprisonment, or both forms of punishment."

31. Pursuant to the FDCPA, if a consumer notifies a debt collector of their dispute, the debt collector must cease all collection efforts until the debt collector obtains verification.

32. The FDCPA does not require a consumer to provide any additional information to trigger the debt collector's requirement to obtain verification, let alone require a consumer to fill out a twenty six point Theft Affidavit signed with a certification statement.

33. Such requirements unfairly make the consumer's ability to dispute said debt overly burdensome.

34. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

35. Defendant could have taken the steps necessary to bring its actions within compliance

with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692e *et seq.*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38. Pursuant to 15 U.S.C. §1692e(10), a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

39. Defendant violated said section by falsely representing that the consumer must fill out a fraud affidavit in order to properly dispute said debt as identity theft.

40. Pursuant to 15 U.S.C. §1692e(5), a debt collector may not threaten to take any action that cannot legally be taken.

41. The Defendant violated said section by threatening to terminate the consumers dispute and continue collection efforts if the consumer does not provide additional documents by April 7, 2015.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45. The Defendant violated said section by unfairly making the consumers right to dispute the alleged debt overly burdensome.

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. §1692g *et seq.*

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(g).

49. Pursuant to 15 U.S.C. § 1692g(b), if a consumer notifies the debt collector in writing that

debt is disputed, the debt collector must cease all collection efforts until they can properly obtain verification.

50. The Defendant violated said section by not accepting the consumer's dispute unless the consumer fills out cumbersome fraud affidavit.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 4, 2015          */s/ Ari Marcus*
                            Ari Marcus, Esq.
                            MARCUS LAW, LLC
                            1500 Allaire Avenue, Suite 101
                            Ocean, New Jersey 07712
                            (732) 695-3282 telephone
                            (732) 298-6256 facsimile

*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  May 4, 2015                     */s/ Ari Marcus*
                                         Ari Marcus, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 4, 2015                      */s/ Ari Marcus*
                                         Ari Marcus, Esq.